# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

IN RE:                                      CASE NO: 25-50127-KKS
                                             CHAPTER 13

JEFFERY LAMAR JOHNSON
MELINDA ANITA JOHNSON

        Debtors
_____/

## CHAPTER 13 TRUSTEE'S
## OBJECTION(S) TO CONFIRMATION OF
## CHAPTER 13 PLAN (ECF NO. 7)

**COMES NOW**, LEIGH A. DUNCAN, Chapter 13 Trustee, by and through her undersigned attorneys, and objects to confirmation of the *Chapter 13 Plan* ("Plan", ECF No. 7) for the following reasons:

1. Schedule I reflects business income, but the Debtor(s) have failed to file monthly operating reports.

2. The Plan base is insufficient to pay all secured, priority, and administrative claims.

3. The Debtor(s) have family median income above the income for the state and size of the household as evidenced on Form 122C-1 and are therefore required to propose a sixty (60) month Plan. The Debtor(s)' proposed Plan term is sixty (60) months; however, the Debtor(s) are also required to pay the

lesser of the amount of the monthly net income reflected on Question 45 of Form 122C-2 times sixty (60) months ($5,042.24 x 60 = $302,534.40) to the unsecured creditors or the amount which would pay all general, unsecured claims in full with interest. The Plan fails to provide the required amount to unsecured creditors.

4. The Debtor(s) are required to submit all net disposable income as set forth on Schedule J and/or the amount necessary to meet the minimum distribution according to Official Form 122C-1, Part 2, Question 45. The monthly Plan payment does not meet this requirement.

5. The Holmes County, Florida Property Appraiser's records reflect the Debtor(s) are still the primary owners of the real property located at 102 Arretta Street, Bonifay, Florida and list the 2025 just market value to be $34,767.00. The Trustee requires more information about the value of the Debtor(s)' interest in this property in order to determine the impact on the instant case.

6. The Trustee requires independent evidence to verify the values of the vehicles not repossessed as stated in Schedule A/B. Depending on style and condition, Kelley Blue Book states a private party value for the 1998 Ford Club Wagon as high as $3,289.00, for the 1996 Dodge Ram as high as

$2,426.00, and for the 2013 Lincoln MKX as high as $5,830.00.

7. The Plan states that the Debtor(s) will file a motion to strip the lien of the Internal Revenue Service. A lien of the federal government is superior to all other liens and cannot be stripped. To date, the Debtor(s) have filed no such motion. Priority claim(s) are scheduled on Schedule E/F. Priority claim(s) must be addressed and paid in full. In this case, the Internal Revenue Service filed their Proof of Claim with a priority claim of $34,356.24 and a secured claim of $57,712.44. The Plan proposes to pay the priority claim in the amount of $19,820.83 and estimates the secured claim to be $31,373.03.

8. The Plan does not provide for the secured claim of Santander Consumer USA Inc., in the amount of $22,250.00. Schedule A/B states that the 2016 RAM securing the creditor's claim was repossessed; however, the Statement of Financial Affairs reflects no repossessions of the Debtor(s)' property within the year prior to filing the instant case.

9. The Debtor(s)' net disposable income listed on Schedule J is required to be paid into the Plan. The net disposable income of the Debtor(s) is the income remaining after payment of the Debtor(s)' and the Debtor(s)' legal dependent(s)' necessary and reasonable expenses. The Trustee objects to the following expenses as not being reasonable or necessary: Vehicle expenses

totaling $638.00 (Transportation - $400.00 + Vehicle insurance - $238.00; policy has not been produced, and the regional IRS standard for a household with two or more vehicles is $562.00); Entertainment, clubs, etc. - $60.00. These objections may be rendered moot if the Plan is amended to provide a distribution of 100% plus 6% interest to the unsecured creditors.

10. The Plan proposes to value W.S. Badcock's secured claim in the amount of $60.00 plus 0.0% interest. To date, no Proof of Claim has been filed by the creditor. The Debtor(s) have not filed a Notice of Valuation in the instant case.

11. The Bank of New York Mellon, a secured creditor, has filed its *Objection to Confirmation of Chapter 13 Plan* (ECF No. 30) on the basis that the Plan does not provide accurate figures for the regular monthly payment and total arrears due. The creditor estimates arrearage of $94,279.70 and will file the Proof of Claim prior to the claims bar date of September 15, 2025. The Plan proposes to pay arrears of $80,000.00 and provides for Trustee to make the regular monthly payments in the amount of $1,311.95.

12. U.S. Bank Trust National Association, a secured creditor, has filed its *Objection to Debtors' Chapter 13 Plan* (ECF No. 34) on the basis that the Plan has undervalued the property at 3245 Bonifay Chipley Road and

proposes to strip the secured creditor's lien. The Plan states that the Debtor(s) will file a motion to strip the lien. To date, the Debtor(s) have filed no such motion.

13. The Debtor(s) filed *Objection to Claim No. 2 of Resurgent Receivables, LLC* (ECF No. 27), *Objection to Claim No. 3 of LVNV Funding, LLC* (ECF No. 28), and *Objection to Claim No. 4 of LVNV Funding, LLC* (ECF No. 29) on July 17, 2025. No response to any of these objections was filed prior to the deadline of August 18, 2025.

14. The proposed Plan does not provide for changes in the treatment of home mortgage payments and escrow amounts upon the mortgage holder filing a Notice of Mortgage Payment Change, including an increase in the Plan base to ensure that there are sufficient funds to meet the liquidation test or to pay the minimum distribution amount due, if applicable.

15. The Plan provides for the attorney's fees to be paid in full as a priority claim through the Plan upon confirmation; however, the Debtor(s) also propose to make the regular monthly mortgage payments through the Plan. The Plan should include language that the attorney's fees shall be paid in full upon confirmation only if the Trustee has the funds on hand to ensure the regular monthly mortgage payment is paid pursuant to the Plan.

16. Due to possible income fluctuation(s), the distribution to unsecured creditors may increase, and unsecured creditors are entitled to receive six percent (6%) interest to the extent funds are available. The proposed Plan does not provide for same in Part 5.1 of the Plan.

17. The Debtor(s) have not filed the required Certification(s) regarding domestic support obligation(s) and filing of tax returns on the Court's docket as required by Section 1308 and 1325(a)(9).

18. The Debtor(s)' Schedules reflect a claim secured by a lien on the Debtor(s)' residence which it appears may be paid by the Trustee. The Trustee has not been provided with copies of documents which support a perfected security interest to determine if the claimant has a perfected security interest. In addition, the Trustee has not been provided with a copy of the itemization of the pre-petition fees, costs and other charges, including any attorney's fees if applicable, which apply to this claim. If the documents, through a Proof of Claim, or in another manner are provided to the Trustee, this objection to confirmation may be resolved or rendered moot.

RESPECTFULLY SUBMITTED.

/s/ Leigh A. Duncan
OFFICE OF CHAPTER 13 TRUSTEE
POST OFFICE BOX 646
TALLAHASSEE, FL 32302
ldhecf@earthlink.net
(850)681-2734 "Telephone"
(850)681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by the court's current CM/ECF notice of electronic filing or first class mail to the persons/entities listed on the attached Exhibit "A", on the same date as reflected on the Court's docket as the electronic filing date for this document.

/s/ Leigh A. Duncan
OFFICE OF CHAPTER 13 TRUSTEE

# Exhibit "A"

JEFFERY LAMAR JOHNSON
3245 BONIFAY CHIPLEY ROAD
BONIFAY, FL  32425

MELINDA ANITA JOHNSON
3245 BONIFAY CHIPLEY ROAD
BONIFAY, FL  32425

YOUNG KIM
CONSUMER LAW ATTORNEYS
2727 ULMERTON ROAD
SUITE 270
CLEARWATER, FL  33762